Filed 6/2/15  In re J.C. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE J.C., a Person Coming Under the Juvenile Court Law. | H041466 (Monterey County Super. Ct. No. J48016) |
| THE PEOPLE, Plaintiff and Respondent, v. J.C., Defendant and Appellant. | |

## I.    INTRODUCTION

The minor, J.C., admitted a Welfare and Institutions Code section 602 petition alleging that he possessed methamphetamine (Health & Saf., § 11377, subd. (a)) and possessed marijuana on school grounds (Health & Saf., § 11357, subd. (e)).  The juvenile court found that the minor was unsuitable for deferred entry of judgment (DEJ) (Welf. & Inst. Code, § 790 et seq.) and placed the minor on probation for 12 months.

On appeal, the minor contends the trial court erred by finding him unsuitable for DEJ without considering whether there were any programs to address his needs.  We will affirm the juvenile court's disposition order.

## II.    BACKGROUND

### A.    Facts of the Offenses

On June 17, 2014, staff at the minor's school confiscated a number of items from the minor, including a "G pen" and two jars, which contained 0.01 grams of methamphetamine and 0.05 grams of concentrated cannabis.  The minor admitted to school staff that he had been "smoking wax" out of the "G pen" at school.  When he was interviewed by the police, the minor said he had believed that the white substance in one of the jars was cocaine, and he admitted to "snorting" cocaine on at least 10 prior occasions.  The minor also admitted that he smoked marijuana two to three times per week.

### B.    Section 602 Petition and DEJ Eligibility

On August 7, 2014, the District Attorney filed a Welfare and Institutions Code section 602 petition alleging that the minor possessed methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and possessed marijuana on school grounds (Health & Saf. Code, § 11357, subd. (e)).  On August 8, 2014, the District Attorney filed a notice of the minor's eligibility for DEJ.  (See Welf. & Inst. Code, § 790, subd. (b).)

On August 27, 2014, the minor admitted both allegations of the petition.  The juvenile court continued the matter for consideration of the minor's suitability for DEJ.

### C.    Probation Report

On September 8, 2014, the minor failed to appear for a scheduled interview with the probation officer.  When contacted, the minor initially lied and blamed his parents for failing to pick him up on time.

When the minor was interviewed by the probation officer the following day, the minor admitted he did not always attend school and described himself as "lazy."  He understood that he needed to attend school, but he did not believe he needed to change any of his other behaviors.  The minor's parents described him as defiant and said they were "at a loss as to what to do."  The minor did not respect their house rules, and he was

2

sometimes verbally aggressive to them. According to the school principal, the minor had discipline referrals due to his "defiant and disrespectful" behavior.

The probation officer explained why, in his opinion, the minor was not suitable for DEJ. The minor was 17 years old but it was "clear the minor lacks appropriate maturity." The minor had "little if any sense of responsibility" and "displays poor judgment for someone his age." The minor was "significantly deficient in school credits" and had failed to make up his school absences. The minor was not respectful of his parents' authority. The minor had a prior "intake diversion case in 2013 for possession of drug paraphernalia and for providing a false date of birth to a peace officer." The minor showed "very little motivation toward changing his behavior."

The probation officer identified a number of programs that would "benefit" the minor: "a Drug Court assessment, AB3015 services," and "a referral to the Strengthening Families program."

### D.     DEJ Suitability Hearing/Disposition

On September 18, 2014, the date initially set for determination of the minor's DEJ suitability and disposition, the minor failed to appear. However, the minor appeared the following day and the hearing went forward. The minor requested he be found suitable for DEJ. He asserted that he was prepared to participate in drug treatment and emphasized his lack of a prior record.

The juvenile court found the minor was not suitable for DEJ. The court noted that the minor had lied to the probation officer, admitted being lazy, and claimed he did not need to change any behaviors except for his school attendance. The court also noted that the minor's parents had described him as aggressive and had complained that he did not follow their rules. The juvenile court did not "find anything . . . that would indicate that he is motivated or in any way appropriate for deferred entry of judgment." The court noted that DEJ "is for people who really want to try."

3

The juvenile court declared the minor a ward of the court and placed him on probation for 12 months. The juvenile court referred the minor for "Drug Court Treatment Program assessment" and ordered him to participate if accepted. Additionally, the juvenile court ordered the minor to participate in an assessment "by the AB 3015 program through Children's Behavioral Health," and to participate in and complete the "Strengthening Families program."

The minor was subsequently found ineligible to participate in the Drug Court program because he and his family indicated that they planned to relocate to Mexico for an extended period of time.

### III.    DISCUSSION

The minor contends the juvenile court erred by finding him unsuitable for DEJ, claiming the record does not indicate that the juvenile court considered "whether or not there were any available programs to address his needs for education, treatment and rehabilitation."

A minor who is *eligible* for DEJ is not necessarily *suitable* for DEJ. (*In re Sergio R.* (2003) 106 Cal.App.4th 597, 605-607 (*Sergio R.*).) Welfare and Institutions Code section 790, subdivision (a) sets forth the DEJ eligibility factors, all of which must apply.[1] If a minor is eligible for DEJ, the juvenile court may grant DEJ only "[u]pon a

---

[1] The eligibility factors are: "(1) The minor has not previously been declared to be a ward of the court for the commission of a felony offense. [¶] (2) The offense charged is not one of the offenses enumerated in subdivision (b) of Section 707. [¶] (3) The minor has not previously been committed to the custody of the Department of Corrections and Rehabilitation, Division of Juvenile Facilities. [¶] (4) The minor's record does not indicate that probation has ever been revoked without being completed. [¶] (5) The minor is at least 14 years of age at the time of the hearing. [¶] (6) The minor is eligible for probation pursuant to Section 1203.06 of the Penal Code. [¶] (7) The offense charged is not rape, sodomy, oral copulation, or an act of sexual penetration specified in Section 289 of the Penal Code when the victim was prevented from resisting due to being rendered unconscious by any intoxicating, anesthetizing, or controlled (continued)

4

finding that the minor is also *suitable* for deferred entry of judgment and would benefit from education, treatment, and rehabilitation efforts." (Welf. & Inst. Code, § 790, subd. (b), italics added.)

The procedural requirements for a DEJ suitability finding are set forth in Welfare and Institutions Code section 791, subdivision (b). Upon finding a minor eligible for DEJ, the juvenile court has two choices: it may "refer the case to the probation department," or it "may summarily grant deferred entry of judgment if the minor admits the charges in the petition and waives time for the pronouncement of judgment." (Welf. & Inst. Code, § 791, subd. (b).) If the juvenile court refers the case to the probation department, "the probation department shall make an investigation and take into consideration the defendant's age, maturity, educational background, family relationships, demonstrable motivation, treatment history, if any, and other mitigating and aggravating factors in determining whether the minor is a person who would be benefited by education, treatment, or rehabilitation." (*Ibid.*) The probation department is required to "determine which programs would accept the minor" and to "report its findings and recommendations to the court." (*Ibid.*) The juvenile court then makes "the final determination regarding education, treatment, and rehabilitation of the minor." (*Ibid.*)

The ultimate decision of whether a minor is suitable for DEJ is reviewed on appeal for abuse of discretion. (*Sergio R., supra,* 106 Cal.App.4th at p. 607.)

In this case, the minor asserts that "the probation report contains no discussion of what programs might be available to [him] in order to address his identified needs," i.e.,

---

substance, or when the victim was at the time incapable, because of mental disorder or developmental or physical disability, of giving consent, and that was known or reasonably should have been known to the minor at the time of the offense." (Welf. & Inst. Code, § 790, subd. (a).)

substance abuse.  Thus, he contends, "the juvenile court was not fully informed when it denied deferred entry of judgment."

The record does not support the minor's claim.  As noted above, the probation officer identified a number of programs that would "benefit" the minor:  "a Drug Court assessment, AB3015 services," and "a referral to the Strengthening Families program." The juvenile court clearly considered these programs, as it ordered the minor to participate in them in its disposition order.

The juvenile court's denial of DEJ was not an abuse of discretion.  The instant case is similar to *Sergio R.,* in which the minor's offenses were possession of methamphetamine and burglary.  (*Sergio R., supra,* 106 Cal.App.4th at p. 600.)  The minor in that case had no prior record but was a gang member who used marijuana and methamphetamine regularly, was expelled from school for behavioral reasons, and was beyond the control of his parents.  (*Id.* at p. 601.)  The *Sergio R.* court found that the juvenile court did not abuse its discretion by finding the minor unsuitable and denying DEJ because he "required more formal, restrictive measures."  (*Id.* at p. 608.)

In this case, the evidence established that the minor not only had substance abuse problems but also problems attending school, following his parents' rules, and showing up for appointments and court hearings.  The minor expressed little motivation to change his behavior.  On this record, the juvenile court could reasonably determine that the minor was not "a person who would be benefited by education, treatment, or rehabilitation" (Welf. & Inst. Code, § 791, subd. (b)) but that he "required more formal, restrictive measures" (*Sergio R., supra,* 106 Cal.App.4th at p. 608) such that he was not suitable for DEJ.

## IV.    DISPOSITION

The juvenile court's disposition order of September 19, 2014 is affirmed.

6

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

MIHARA, J.

_____

MÁRQUEZ, J.